IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES OSBORNE, # B-20626,

      Plaintiff,

vs.                                             Case No. 18-cv-256-DRH

JEFF DENNISION,
DR. DAVID,
and C/O SMITH,

      Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, currently incarcerated at Shawnee Correctional Center ("Shawnee"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Complaint appears to be raising a claim of deliberate indifference to a serious medical condition. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an

1

objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in plaintiff's Complaint, the Court concludes that it fails to state a claim and must be dismissed. However, plaintiff shall be given an opportunity to submit an amended complaint to present any facts which may support a civil rights claim against the defendants herein.

**The Complaint**

Plaintiff's statement of claim, in its entirety, is as follows:

> Gerral [D]orris and Sue Funkhouser took me off my nerve pain meds and they aren't Dr's. Leon Kehrer and Ashley Crider, refused me of BP meds.

(Doc. 1, p. 4).

Plaintiff names 3 defendants in this action: Jeff Dennision (Warden of Shawnee), C/O Smith (Shawnee correctional officer, 3rd Shift), and Dr. David (Shawnee physician). (Doc. 1, p. 2). He seeks monetary damages for his alleged suffering. (Doc. 1, p. 6).

**Litigation History**

In the section of the Complaint form that instructs plaintiff to list all lawsuits he has previously filed, plaintiff states that in 2016, he filed a case in this Court against Dorris, Funkhouser, Kehrer, and Crider, which is still pending, and has been set for trial.[1] (Doc. 1, p. 3). He lists no other cases. However, plaintiff filed another case in this Court earlier in 2016, which was dismissed for failure to state a claim upon which relief may be granted. That dismissal resulted in the assessment of a "strike" against plaintiff. *Osborne v. Jones, et al.*, Case No. 16-cv-766-JPG (S.D. Ill., dismissed Oct. 25, 2016); *see* 28 U.S.C. § 1915(g). Plaintiff provides no explanation for his failure to include this lawsuit in his Complaint.

---

[1] That case is *Osborne v. Dorris, et al.*, Case No. 16-cv-1292-JPG-DGW. In that action, plaintiff alleged that the 4 Defendants, all employees at the Franklin County Jail, deprived him of his nerve pain medication and other medical treatment while he was incarcerated there. (Doc. 16 in Case No. 16-cv-1292-JPG-DGW).

The Complaint form clearly warns that a plaintiff who fails to comply with the directive to list all his prior lawsuits may have his case dismissed by the Court. (Doc. 1, p. 3). Further, the Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), and thus there is a need for reliable information about prior litigation. As a result, where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal).

Based on plaintiff's failure to list his case that resulted in a "strike," this action is subject to dismissal. However, the Court does not find that dismissal of this case is warranted at this time. Plaintiff has incurred only 1 "strike" to date within the meaning of 28 U.S.C. § 1915(g). Nonetheless, plaintiff is **WARNED**, in accordance with the Disposition section of this Order, that if he files any future lawsuit or amended complaint and fails to include his complete litigation history in his pleading, he will be subject to sanctions which may include the summary dismissal of the case.

### Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to characterize the *pro se* action in a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed

by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

**Count 1:** Defendants were deliberately indifferent to plaintiff's medical need for nerve pain and/or blood pressure medications.

The Complaint fails to state a claim upon which relief may be granted against the named defendants, and shall therefore be dismissed.

Though plaintiff names defendants Dennision, David, and Smith in the caption of his Complaint and in his list of parties, he fails to mention them in the statement of claim or anywhere else in the Complaint. Due to this omission, the Court is unable to ascertain what claims, if any, plaintiff has against these defendants.

The Court is required to liberally construe complaints filed by *pro se* plaintiffs. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, even a *pro se* plaintiff is required to associate specific defendants with specific claims, so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the

defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because plaintiff does not include any allegations whatsoever against Dennision, David, or Smith, he has not adequately stated claims against these individuals. Nor has he put them on notice of any claims that he may have against them. Count 1 and the Complaint are therefore subject to dismissal under § 1915A for failure to state a claim upon which relief may be granted.

The only possible claim that plaintiff describes in his pleading involves individuals who are not named as defendants in this action (Dorris, Funkhouser, Kehrer, and Crider). (Doc. 1, p. 4). Moreover, the claim that these individuals took away or refused plaintiff's medications appears to entirely duplicate the claims in *Osborne v. Dorris, et al.*, Case No. 16-cv-1292-JPG-DGW.

For these reasons, plaintiff's Complaint (Doc. 1) shall be dismissed without prejudice. However, plaintiff shall be allowed an opportunity to submit an amended complaint, to correct the deficiencies in his pleading. If the amended complaint still fails to state a claim, or if plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal

shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review under § 1915A.

**Disposition**

**COUNT 1**, and the entire Complaint (Doc. 1), are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before April 19, 2018). It is strongly recommended that plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 18-cv-256-DRH. In each count of the Complaint, plaintiff shall specify, *by name*,[2] each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should state facts to describe what each named defendant did (or failed to do), that violated his constitutional rights. New individual defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal

---

[2] Plaintiff may designate an unknown defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of plaintiff's claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Failure to file an amended complaint shall result in the dismissal of this action with prejudice.

If plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the action shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Such dismissal shall count as one of plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether plaintiff files a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS FURTHER ORDERED** that plaintiff **SHALL DISCLOSE** his complete litigation history in any future complaint he may file in this Court, including the

amended complaint in this action, an amended complaint in any other ongoing case, and the complaint in any new lawsuit. If plaintiff fails to comply with this order, he will be subject to sanctions as deemed appropriate by the Court, which may include the summary dismissal of any case in which he fails to disclose his prior lawsuits filed during any period of incarceration. *See* Fed. R. Civ. P. 41(b).

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.22
12:21:37 -05'00'

**United States District Judge**